UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION | CIVIL ACTION |
| VERSUS | NO. 15-689-BAJ-EWD |
| SAIA MOTOR FREIGHT LINE, LLC; SAIA, INC.; ABC INSURANCE COMPANY | |

**NOTICE AND ORDER**

In the Amended Joint Status Report filed on April 6, 2016, the parties assert that "Plaintiff has consented to this Court's diversity jurisdiction under 28 U.S.C. § 1332."[1] Defendants' Petition for Removal alleges that the parties are completely diverse.[2] However, it is not apparent from the face of Plaintiff's Petition for Damages that the claims are likely to exceed $75,000.00. In its Petition for Damages, Plaintiff seeks costs of repair (approximately $67,270.31), as well as damages for inspection, testing, investigation, and storage as well as other consequential/incidental damages and attorney fees.[3] However, Plaintiff does not provide the basis for its assertion that it is entitled to attorney fees and there is no indication of the amount in controversy related to Plaintiff's other alleged damages.

In addition to asserting diversity jurisdiction, Defendants assert in their Petition for Removal that Plaintiff's state law causes of action are completely preempted by the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706 and therefore this Court has

---

[1] R. Doc. 14.
[2] R. Doc. 1, ¶ 7.
[3] R. Doc. 1-1, ¶ 17.

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337.[4]  Plaintiff does not agree that 49 U.S.C. § 14706 applies and asserts that the statute does not provide a basis for removal to this Court.[5]

The Court *sua sponte* raises the issues of: (1) whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met; and (2) the Court's jurisdiction based on the Carmack Amendment, specifically because this suit appears to involve only intrastate commerce.

**IT IS ORDERED** that Defendants shall file a memorandum concerning subject matter jurisdiction within ten (10) days of this Order, and that Plaintiff shall file a memorandum concerning the same ten (10) days after the filing of Defendants' memorandum.

**IT IS FURTHER ORDERED** that the Scheduling Conference currently set for April 21, 2016 at 4:00 p.m. is reset for **June 16, 2016 at 11:00 a.m.** The parties shall re-file an Amended Status Report by **June 2, 2016**.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 1, ¶ 5.
[5] R. Doc. 6, p. 2.