**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

OCCIDENTAL CHEMICAL
CORPORATION                                          CIVIL ACTION

VERSUS                                               NO. 15-689-BAJ-EWD

SAIA MOTOR FREIGHT LINE, LLC;
SAIA, INC.; ABC INSURANCE
COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 31, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

OCCIDENTAL CHEMICAL
CORPORATION                                            CIVIL ACTION

VERSUS                                                 NO. 15-689-BAJ-EWD

SAIA MOTOR FREIGHT LINE, LLC;
SAIA, INC.; ABC INSURANCE
COMPANY

## REPORT AND RECOMMENDATION

Before the court is a Joint Motion to Remand to the State District Court (the "Motion to Remand").[1]   For the reasons set forth herein, it is the recommendation[2] of this court that the Motion to Remand be GRANTED.[3]

## I.     Background

Plaintiff, Occidental Chemical Corporation ("Plaintiff"), alleges that on September 4, 2014 Saia Motor Freight Line, LLC ("Saia LTL") and Saia, Inc. ("Saia") (collectively, "Defendants") picked up a crate containing a pump rotor 150-360 9-STG (the "Pump Rotor") at Plaintiff's Taft, Louisiana facility to be shipped to Sulzer Pump Services ("Sulzer") in Baton Rouge, Louisiana.[4] The shipment allegedly arrived at Sulzer on September 9, 2014 and, at the time of delivery, "the crate appeared to be dented and showed signs of being modified or repaired" while in Defendants'

---

[1] R. Doc. 23.

[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review."  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[3] Additionally, the parties jointly request that the order remanding this suit specify that "the defendants' answer, and all other pleadings filed with this Court, be and remain valid without the need for refiling of any such pleadings with the State Court."  R. Doc. 23, p. 1.  Although this court assumes such a procedure will occur in the state court as a matter of course, the parties have provided no basis for this court's authority to issue such an order, and this court is unaware of such authority.  Accordingly, while this court recommends that the Motion to Remand be granted, it does not recommend entry of an order specifying state court procedure following remand.

[4] R. Doc. 1-1, ¶ 4.

care.[5]  Per its Petition, Plaintiff sought damages in the amount of its repair estimate related to the Pump Rotor ($67,270.31), consequential/incidental damages, expenses related to inspection, testing, investigation, storage, and attorney's fees.[6]

Defendants removed this suit to the Middle District of Louisiana on October 16, 2015.[7]  In Defendants' Petition for Removal, they asserted two alternative bases for federal jurisdiction: (1) federal question jurisdiction based on the Carmack Amendment to the Interstate Commerce Act, 49 USC § 14706 (the "Carmack Amendment"); and (2) diversity pursuant to 28 U.S.C. §1332.[8]

On April 15, 2016, this court *sua sponte* ordered the parties to brief the alleged bases for subject matter jurisdiction, in particular: (1) whether the amount in controversy requirement was met for diversity jurisdiction; and (2) the court's jurisdiction based on the Carmack Amendment.[9] Following review of the parties' briefing,[10] this court found that the federal jurisdiction pursuant to complete preemption via the Carmack Amendment did not apply.[11]  Additionally, the court granted the parties ninety (90) days to conduct limited jurisdictional discovery regarding the amount in controversy in this suit.[12]  Following this limited discovery period, the parties jointly filed the instant Motion to Remand, explaining that as a result of their discovery efforts, "[i]t is now apparent, based upon [Plaintiff's] discovery responses, that the amount in controversy needed

---

[5] R. Doc. 1-1, ¶ 6.

[6] R. Doc. 1-1, ¶ 17.

[7] R. Doc. 1.

[8] R. Doc. 1.

[9] R. Doc. 15.

[10] R. Docs. 16 & 18.

[11] R. Doc. 21, p. 5.

[12] R. Doc. 21.

for federal jurisdiction is not present."[13]   Accordingly, all parties in this suit request that this court remand this case back to state court.[14]

## II.    The Amount in Controversy

Following Defendants' removal, Plaintiff filed a response wherein Plaintiff "admitted" that diversity jurisdiction existed and "acquiesced" to Defendants' removal pursuant to 28 USC § 1332.[15]   Because it was not apparent from the face of Plaintiff's Petition for Damages that the claims were likely to exceed $75,000.00,[16] this court ordered supplemental briefing[17] and thereafter allowed limited jurisdictional discovery.[18]   Following limited jurisdictional discovery, the parties jointly filed the instant Motion to Remand, stating that the amount in controversy is not present.  The parties explain that "plaintiff is not seeking any award of attorney fees and is limiting its claim to $70,633.83 exclusive of interest or costs."[19]

The court notes that it is Defendants' burden to prove by a preponderance of the evidence the amount in controversy.  *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  "A showing only that the damages 'could well exceed' the jurisdictional amount or that there is 'some possibility' that the plaintiff 'could recover more' than the jurisdictional amount is insufficient to carry the removing defendant's burden."  *Flitter v. Walmart Stores, Inc.*, 2009 WL 2136271, *3 (M.D. La.

---

[13] R. Doc. 23-1, p. 1.

[14] R. Doc. 23-1, p. 2.

[15] R. Doc. 6.

[16] Defendants allege that Saia LTL is a limited liability company whose sole member is Saia.  Saia is a Delaware corporation with its principal place of business in Georgia.  R. Doc. 1, p. 3.  Plaintiff is a New York corporation with its principal place of business in Texas.  R. Doc. 1, p. 3.  Accordingly, it appears that the parties are completely diverse.

[17] R. Doc. 15.

[18] R. Doc. 21.

[19] R. Doc. 23-1, p. 1.

June 19, 2009) (citing *Allen v. R and H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) and *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995)).  Moreover, the parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts.  Further, a federal court will not permit a defendant to consent to jurisdiction or to fail to challenge it."  14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.).  *See also*, *Moore v. Office Depot, Inc.*, 2010 WL 2671927, * 2 at n. 4 (W.D. La. June 30, 2010) ("Although plaintiffs now do not contest that the amount in controversy exceeded $75,000 at the time of removal, the parties cannot confer federal subject matter jurisdiction via consent."); *Lehman v. Protective Ins. Co.*, 2004 WL 744877, at *1 (E.D. La. April 6, 2004) ("The parties may neither consent to nor waive federal subject matter jurisdiction.") (citing *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).

Significantly, federal subject matter jurisdiction is strictly construed and when doubtful, remand is appropriate.  *Lehman v. Protective Ins. Co.*, 2004 WL 744877, at *2 (E.D. La. April 6, 2004).  Here, neither party has presented any evidence to substantiate a claim that Plaintiff's damages exceed the jurisdictional threshold.  *See*, *Cabrera v. Toys R Us-Delaware*, 2012 WL 2935685, at *2 (E.D. La. July 17, 2012) (Plaintiff's admission that she claimed in excess of the jurisdictional minimum and medical bills totaling $803.00 was not competent evidence that the amount in controversy had been met.); *Gordon v. East Skelly, LLC*, 2014 WL 2894923 (E.D. La. June 25, 2014) (granting motion to remand following limited discovery regarding the nature and extent of damages and the amount in controversy).  Indeed, both parties now agree that, based on the limited jurisdictional discovery conducted, the amount in controversy requirement for federal subject matter jurisdiction is *not* present.  Under such circumstances, remand is appropriate.  *See*,

5

*Republic Fire and Casualty Co. v. Zurn Industries, Inc.*, 2010 WL 4116668, at * 2 (M.D. La. Sept. 23, 2010) ("In light of the specific amount of damages sought by plaintiff in the complete copy of the petition and the agreement between the parties that the amount in controversy is not satisfied, it is clear that plaintiff's claim does not satisfy the amount in controversy requirement, and that the motion to remand should be granted."). *See also*, *Hoffman v. Hartford Ins. Co. of The Midwest*, 2008 WL 504056, at * 1 (E.D. La. Feb. 20, 2008) (granting motion to remand based on "stipulation" that jurisdictional amount was not in controversy at the time of removal and noting that even if such stipulation was not binding under Louisiana law, it was "nonetheless, strong evidence of the jurisdictional amount….").

## III.     Conclusion

For the reasons set forth herein, it is the recommendation of this court that the Joint Motion for Remand to the State District Court[20] be GRANTED.

Signed in Baton Rouge, Louisiana, on August 31, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 23.